23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Willie HARDIMAN, Petitioner-Appellant,
v.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Respondent-Appellee.
 No. 93-6409.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: MILBURN and GUY, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 
 ORDER
 
 1
 Willie Hardiman, a pro se Tennessee plaintiff, appeals a district court order and judgment granting the defendant's motion for summary judgment in his employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e (1988). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking reemployment, Hardiman sued AT & T, his employer for approximately 20 years, for allegedly terminating his employment on October 12, 1989, because of his race in violation of Title VII. (In a later pleading, Hardiman also sought back pay and punitive damages.) Hardiman alleged that his supervisor placed him on a 90-day development plan in June 1989 to strengthen his productivity, but that the plan was actually designed for failure. When he did not complete the tasks delineated in the plan to his supervisor's satisfaction, his employment was terminated. Hardiman further alleged that this treatment was harsher than that given to white employees who fell behind in their performance. The district court granted AT & T's motion for summary judgment in an order filed on October 6, 1993. The district court found that Hardiman had failed to establish a prima facie case of discrimination and that, even if it were assumed that he had established a prima facie case, AT & T had presented a legitimate, nondiscriminatory reason for Hardiman's discharge, which was not shown to be pretextual. A separate judgment was entered on October 22, 1993. On appeal, Hardiman argues that the district court erred in granting summary judgment to the defendant. He requests oral argument in his brief.
 
 
 3
 Upon review, we affirm the district court's order and judgment because there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The district court correctly concluded that Hardiman failed to establish a prima facie case of racial discrimination, and that he did not show that his employer's stated reason for his discharge was a pretext for intentional discrimination. See St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2747 (1993). Hardiman's subjective belief that the development plan was designed for failure is wholly insufficient to establish a claim of discrimination as a matter of law. See Mitchell v. Toledo Hospital, 964 F.2d 577, 584-85 (6th Cir.1992).
 
 
 4
 Accordingly, the request for oral argument is denied. The district court's order and judgment, entered on October 6 and 22, 1993, are affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation